IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.5:11-CR-337-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| KENNETH SANDERS | ) | |

This cause comes before the Court following its imposition of sentence on October 12,

2012, at Raleigh, North Carolina. The Court imposed a downward variance sentence in this

matter of sixty months' imprisonment on counts one and three, concurrent, and sixty months'

imprisonment on count two, consecutive, for an aggregate sentence of 120 months' imprisonment.

The Court enters the following in support of its variance.

BACKGROUND

Defendant was charged in a three-count indictment of possession with intent to distribute a

quantity of cocaine base in violation of 21 U.S.C. § 841(a), possession of firearms in furtherance

of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and possession of firearms

and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. Defendant

entered a plea of guilty as to count one, the drug charge, and not guilty as to counts two and three,

the gun charges, on May 21, 2012. Following a hearing on October 11, 2012, at which defendant

withdrew his *pro se* motion for new counsel, defendant entered a plea of guilty to counts two and

three on October 12, 2012. Defendant was also sentenced on all three counts on October 12,

2012.

Pursuant to 18 U.S.C. § 3553(a), a sentencing court has a duty to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the [sentencing statute]." Once the defendant's Guidelines sentencing range has been established, the sentencing court must decide "whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence within statutory limits that does serve those factors." *United States v. Tucker*, 473 F.3d 556, 560 (4th Cir. 2007) (quotation and citation omitted).[1] After permitting the parties to argue with regard to sentencing, the court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court must then "make an individualized assessment based on the facts presented, [and if it] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to

---

[1]The factors set forth in § 3553(a) are:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
> (B) to afford adequate deterrence to criminal conduct
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available
(4) the kinds of sentence and the sentencing range established for –
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct
(7) the need to provide restitution to any victims of the offense.

support the degree of the variance." *Id.* at 50. The "method of deviation from the Guidelines range – whether by departure or by varying – is irrelevant so long as at least one rationale is justified and reasonable." *United States v. Diosdado-Star*, 630 F.3d 359, 365-66 (4th Cir. 2011).

At the hearing, the Court established defendant's total offense level to be thirty-two and his criminal history to be a category VI, resulting in a Guidelines range of 232-305 months on count one, a maximum of 120 months on count three, and sixty months on count two to be served consecutive to any other sentence. The Court hereby finds the presentence report credible and reliable and adopts the findings therein as amended at the hearing to reflect defendant's plea of guilty to counts two and three. Defendant withdrew any objections to the presentence report at the hearing.

Having considered the presentence report, the arguments of counsel, and the factors enumerated in § 3553(a), the Court finds that a sentence within defendant's Guidelines range does not serve the factors set forth in § 3553(a). Specifically, the Court has considered the troubling and traumatic lifestyle in which defendant was raised, as well as defendant's extensive history of substance abuse including a lengthy period as a crack and heroin addict. Though defendant left school after the eighth grade, he received an honorable discharge from the United States Army in 1976, attained skills as a baker and a cook, and was gainfully employed at the time of the instant offense.

Defendant is nearing his fifty-eighth birthday and a Guidelines range sentence would likely result in defendant's death in prison. The Court finds that in this instance a sentence of more than 120 months' imprisonment is not necessary to protect the public from further crimes of defendant, but that such a sentence is sufficient to provide defendant with needed substance abuse treatment

3

and counseling, to reflect the seriousness of the defendant's firearm and drug offenses, and to afford adequate deterrence. The Court has also considered defendant's lengthy criminal history reflecting defendant's long-term involvement in the illegal drug trade, as well as the effect of defendant's activities on his community, but credits the remorse shown by defendant during his allocution and finds that the sentence as imposed not only promotes respect for the law but also provides just punishment.

Based on the above discussed individualized assessment of defendant and the nature of his crimes, the Court now holds that the extent of the deviation from defendant's aggregate 232 – 305 month Guidelines range is justified and that a sentence of 120 months' imprisonment as imposed is sufficient but not greater than necessary to serve the purposes of the sentencing statute. The Court further incorporates by reference its statement of reasons announced from the bench at the hearing. Accordingly, the Court has imposed a downward variance sentence of a total term of 120 months' imprisonment in this matter. All other terms and conditions of defendant's sentence remain as pronounced at the hearing and reflected in the judgment.

SO ORDERED, this _15_ day of October, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4